IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:09-CV-384-RJC-DSC

| | |
|---|---|
| KEITHA REEP, Personal Representative of the Estate of ALLISON JEANENE CARPENTER, deceased<br><br>Plaintiff,<br><br>vs.<br><br>JAMES PENDERGRAPH, Former Sheriff of Mecklenburg County, in his official capacities, MECKLENBURG COUNTY SHERIFF'S OFFICE, Mecklenburg County Deputy Sheriff RONN HILL, Mecklenburg County Detention Officers V. WILLIAMS-FOLK, LARRY HOUPE, B. MORRISON, and DETENTION OFFICER DOES 1-3, in their official capacities, PRISON HEALTH SERVICES, INC., ANTHONY SEARLES, M.D. in his individual and official capacities, PHS NURSE DOES 1-4, and THE OHIO CASUALTY INSURANCE COMPANY.<br><br>Defendants. | **CONSENT PROTECTIVE ORDER** |

This matter is before the Court on the Parties' joint Motion for entry of a Consent Protective Order regarding certain discovery materials. Plaintiff, through counsel, has requested and will receive information pursuant to Interrogatories and Requests for Production of Documents and other means of discovery that Defendants believe may be considered confidential under state personnel laws. Defendants may request medical, financial or other information regarding Plaintiff that Plaintiff may consider to be protected as private and privileged. The following Order shall control the use, dissemination, and disposition of all confidential information produced or disclosed during this litigation (hereinafter referred to as "Protected Information"). It further appearing that undersigned counsel (hereinafter referred to

as "Attorneys"), for themselves, their clients, and for all other agents, representatives and retained experts of the Attorneys, consent to the terms and conditions of this Protective Order,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**

1. All Protected Information produced or disclosed by any Party or any of their agents, shall be treated as protected and shall be kept confidential. The undersigned shall not permit disclosure of Protected Information or any testimony relating thereto to anyone except as hereinafter provided.

2. All Protected Information and any testimony relating thereto shall be used solely for the purposes of the Attorneys' representation of their clients in civil litigation pending in the United States District Court for the Western District of North Carolina having civil docket number 3:09-CV-384 (hereinafter "the Litigation"), and shall not be used or offered for use in connection with any other litigation or proceeding of any kind or for any business, commercial or other purpose. Nothing herein shall be deemed to permit disclosure of Protected Information to parties, counsel or other persons involved in any litigation or proceeding other than the Litigation.

3. Protected Information and any information contained in or derived from any such information shall not be disclosed to anyone other than a Qualified Recipient who has read and understands the terms and restrictions of this Order and who has agreed to the terms hereof by executing the attached Exhibit A. For purposes of this Order, a Qualified Recipient shall mean:

    a. The Attorneys, their clients and their legal, paralegal and clerical staff for the purposes of representing their clients in the Litigation; or

    b. A consultant or expert retained by the Attorneys as counsel to assist in the prosecution or defense of the Litigation, who will utilize Protected Information solely to assist in the prosecution or defense of the Litigation and not for any other purpose. All such consultants or experts to whom Protected Information is disclosed shall sign a copy of this Agreement acknowledging its contents and agreeing to be bound by and abide by its terms; or

    c. Court reporters, videographers and those persons hired by the Attorneys or their staff to take the depositions noticed in this lawsuit, or,

    d. A witness shown or asked about Protected Information in a deposition for discovery purposes.

4. All Protected Information in documentary form shall be maintained under the control of the Attorneys, their legal, paralegal and clerical staff. Nothing herein shall restrict counsel from making working copies for use in their offices or for use in examination of witnesses. Such working copies shall be deemed Protected Information under the terms of this Agreement. All Protected Information in documentary form and all copies thereof shall be maintained at the offices of the Attorneys until the conclusion of this litigation.

5. All Protected Information which is filed in whatever form with the Court in Litigation, or any other proceeding, shall be filed *in camera* under seal and shall be appropriately marked in accordance with Paragraph 1 above. In the event the Protected Information is offered in any proceeding, such material shall be used and filed *in camera*, under seal and shall be appropriately marked in accordance with Paragraph 1 above, until the Court rules that the information can be disclosed in open court.

6. The signature of the U.S. Magistrate Judge set forth below shall qualify as an order of a court of competent jurisdiction permitting inspection of confidential information contained in employee personnel files as necessary for purposes of this litigation pursuant to §153A-98 of the North Carolina General Statutes. The exceptions set forth in § 153A-98(c1) of the North Carolina General Statutes are not affected by the terms of this Agreement.

7. Any party may seek additional protection of discovery material by moving the Court to preclude production of information even under the restrictions of this Protective Order. Any party seeking such protection must state so explicitly in objecting to any request for information the party believes requires additional protection, must provide a privilege log describing the nature of the information the party seeks to protect, must set the matter for hearing by the Court where the Court can inspect the information or documents, and will have the burden of showing that the information should not be disclosed pursuant to this Protective Order. Nothing in this Order precludes a party from asserting any such claim of a need for additional protection.

8. Upon conclusion of this litigation, all Protected Information shall be returned to the party who provided the Protected Information, except that counsel for the parties may retain copies of any and all Protected Information for a time sufficient to comply with applicable Rules of Professional Conduct governing disposal of closed client files, and after such time, the Protected Information shall be destroyed or returned to the party who provided the Protected Information.

9. Upon notice, either party may move the Court to remove or change the designation of any material as Protected Information. The party designating material as "Protected Information" shall have the burden of establishing that such material requires the full protection of this Order. Until the motion for removal or modification of the designation is ruled upon by the Court, the information shall continue to be accorded full protection by this Order.

**SO ORDERED**.  Signed: July 30, 2010

_____
David S. Cayer
United States Magistrate Judge

We consent to entry of the above:

    */s Margaret Behringer Maloney*
Margaret Behringer Maloney
N.C. State Bar No. 13253
Tamara L. Huckert
N.C. State Bar No. 35348
Maloney Law & Associates, PLLC
1824 East Seventh Street
Charlotte, NC 28204
mmaloney@maloneylegal.com
thuckert@maloneylegal.com
Telephone:  704-632-1622
Facsimile:  704-632-1623
*Atttorneys for Plaintiff*

*s/ Steven P. Weaver*
Steven P. Weaver, Esq.
N.C. State Bar No. 28848
**BROTHERTON FORD YEOMAN BERRY & WEAVER, PLLC**
Post Office Box 21327
Greensboro, North Carolina 27420
weaver@brothertonford.com
Telephone:     (336) 346-1116
Facsimile:     (336) 346-1117
*Attorney for Defendants Prison Health Services, Inc.*


    *s/ Robert S. Adden, Jr.*
Robert S. Adden, Jr.
**Ruff Bond Cobb Wade & Bethune, LLP**
North Carolina State Bar No. 10223
831 East Morehead Street, Suite 860
Charlotte, North Carolina 28202
Telephone:     (704) 377-1634
Facsimile:     (704) 342-3308
E-mail:                radden@rbcwb.com
*Attorney for Mecklenburg County Defendants
And Ohio Casualty*

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:09-CV-384

| | |
|---|---|
| KEITHA REEP, Personal Representative of the Estate of ALLISON JEANENE CARPENTER, deceased,<br><br>        Plaintiff,<br><br>        vs.<br><br>JAMES PENDERGRAPH, Former Sheriff of Mecklenburg County, in his official capacities, MECKLENBURG COUNTY SHERIFF'S OFFICE, Mecklenburg County Deputy Sheriff RONN HILL, Mecklenburg County Detention Officers V. WILLIAMS-FOLK, LARRY HOUPE, B. MORRISON, and DETENTION OFFICER DOES 1-3, in their official capacities, PRISON HEALTH SERVICES, INC., ANTHONY SEARLES, M.D. in his individual and official capacities, PHS NURSE DOES 1-4, and THE OHIO CASUALTY INSURANCE COMPANY,<br>        Defendants. | **CONSENT PROTECTIVE ORDER** |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____[print name], have read the Consent Protective Order respecting confidentiality of discovery materials and personnel information entered in the case referenced above, attached hereto as Exhibit "1" and I agree: (i) to be bound by its terms, (ii) not to reveal such confidential personnel information to anyone other than another person designated in paragraph 3, and (iii) to utilize such confidential personnel information solely for purposes of this litigation .

This the _____ day of _____, 2010.

                                  Signed:_____

Sworn to and subscribed before me
this _____ day of _____, 2010

_____
Notary Public                                    [Seal]

My commission expires:_____